IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03240-REB-KLM

DAVID H. HANSON,

    Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, INC.: Registered Agent, Judith Sugg Scott,

    Defendant.

_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion to Vacate Settlement** [Docket No. 12; Filed May 13, 2013]; on Defendant's **Motion to Enforce Settlement Agreement** [Docket No. 15; Filed May 17, 2013]; and on Plaintiff's **Request for Court Order** [Docket No. 18; Filed June 19, 2013]. Responses [#14, #17, #20] were filed on May 17, 2013, June 12, 2013, and June 20, 2013. Plaintiff filed a Reply [#21] in support of his Motion to Vacate Settlement [#12] on July 10, 2013. The Motions are ripe for review.

    Plaintiff, who proceeds in this matter as a *pro se* litigant,[1] seeks to have set aside a Settlement Agreement he entered into with Defendant. *Motions* [#12, #18]. Defendant

---

[1] When considering Plaintiff's filings, the Court is mindful that it must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [a *pro se* litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, Plaintiff, as a *pro se* litigant, must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

seeks to have the Settlement Agreement enforced because it asserts that it has performed its end of the bargain and that Plaintiff now has the obligation to dismiss this lawsuit with prejudice.

The facts underlying this dispute are not at issue. On December 12, 2013, Plaintiff filed this action as a *pro se* litigant. *Compl.* [#1]. In the Complaint, he alleged that Defendant violated various provisions of the Fair Debt Collection Practices Act ("FDCPA"). *Id.* Defendant waived service and engaged in "a series of very cordial emails between Plaintiff and counsel for [Defendant]." *Waiver of Service* [#5]; *Motion* [#15] at 2. Around the time that Defendant's Answer was due, the parties arrived at a compromise and entered into a formal, written, confidential Settlement Agreement, which Plaintiff signed on February 8, 2013 and which Defendant signed on February 19, 2013. *Waiver of Service* [#5]; *Ex. A, Settlement Statement* [#12] at 3-4.[2] In the Settlement Agreement, Defendant agreed to pay Plaintiff, and Plaintiff agreed to dismiss his case against Defendant with prejudice. *Ex. A, Settlement Statement* [#12] at 3-4.

By check dated February 18, 2013, Defendant paid Plaintiff the agreed-upon sum, and Plaintiff cashed the check on February 22, 2013. *Ex. B, Copy of Negotiated Check* [#15-2]. Plaintiff thereafter did not dismiss the present litigation, despite Defendant's further requests to do so. *Motion* [#15] at 2. Instead, twelve days after the settlement was reached, "Plaintiff began emailing questions regarding any tax implications of the settlement" to Defendant's attorneys. *Id.* at 3. Defendant responded that its counsel "could

---

[2] Although Defendant states that Plaintiff's filing of the Settlement Agreement constitutes a breach of contract in violation of the confidentiality provision, Defendant has not moved to seal the document. *Response* [#14] at 5.

not offer tax advice to Plaintiff." *Id.* at 5. In his Motion, Plaintiff asserts that Defendant "encourag[ed] the Plaintiff to accept an offer which created a sizeable and deductible tax deduction for Defendant while exposing Plaintiff to a tax burden of up to 15 times the amount of the financial settlement of the agreement." *Motion* [#12] at 1.

"A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004) (quoting *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993)). "Issues involving the formation and construction of a purported settlement agreement are resolved by applying state contract law." *Id.* (citing *United States v. McCall*, 235 F.3d 1211, 1215 (10th Cir. 2000)). In Colorado, "for a settlement to be binding and enforceable, there must be a 'meeting of the minds' as to the terms and conditions of the compromise and settlement." *H.W. Houston Constr. Co. v. District Court*, 632 P.2d 563, 565 (Colo. 1981). "[T]he evidence must show that the parties agreed upon all essential terms." *I.M.A., Inc. v. Rocky Mountain Airways, Inc.*, 713 P.2d 882, 888 (Colo. 1986). The essential elements of a contract under Colorado law include "mutual assent to an exchange, between competent parties, with regard to a certain subject matter, for legal consideration." *Indus. Prod. Int'l v. Emo Trans., Inc.*, 962 P.2d 983, 988 (Colo. Ct. App.1997) (citation omitted). "An offer is a manifestation by one party of a willingness to enter into a bargain [and a]n acceptance is a manifestation of assent to the terms of the offer." *Id.* (citing Restatement (Second) of Contracts §§ 24, 32 (1979)).

There is no question that both Plaintiff and Defendant signed the Settlement Agreement. *Ex. A, Settlement Statement* [#12] at 4. There is no indication that Defendant made any explicit representation of the tax consequences of the parties' agreement, other

than the statement in the Settlement Agreement by which Defendant agreed to refrain from filing a form 1099-C with the IRS. *Ex. A, Settlement Statement* [#12] at 4. In *Farmer v. Banco Popular of North Am.*, No. 11-cv-01268-WYD-MEH, 2013 WL 2112428, at *6 (D. Colo. May 15, 2013), the plaintiff, after incurring tax liability from a settlement agreement, contested the agreement on the basis that the "non-tax consequence of any settlement was a condition precedent to Plaintiff entering into a settlement in the first place." During settlement discussions, the plaintiff discussed "the importance of there not being any tax consequences of any settlement." *Id.* Despite this, the District Judge determined that the evidence showed that the parties had mutually agreed to the terms of the agreement as it was memorialized in writing. *Id.*

The same situation presents itself here. There is no evidence to show that the parties did not come to a full and complete meeting of the minds over the essential terms of the agreement to resolve the litigation between them. *See id.* Plaintiff states that "[w]ith no cooperative actions by the Defendant, Plaintiff discovered the potential of a tax liability . . . ." *Motion* [#12] at 2. However, Plaintiff does not explain why it was Defendant's burden, and not his own, to resolve such issues prior to entering into the Settlement Agreement. Plaintiff's action in cashing the check from Defendant demonstrates his willingness to enter into the Settlement Agreement in February 2013. *Ex. B, Copy of Negotiated Check* [#15-2]. It is now Plaintiff's obligation to perform his side of the bargain reached with Defendant.

Based on the foregoing, the Court respectfully **RECOMMENDS** that Plaintiff's Motion [#12] be **DENIED**.

The Court further **RECOMMENDS** that Defendant's Motion [#15] be **GRANTED** and that the instant action be **DISMISSED with prejudice**.

IT IS HEREBY **ORDERED** that Plaintiff's Request for Court Order [#18] is **DENIED as moot**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  August 29, 2013

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge