**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-03240-REB-KLM

DAVID H. HANSON,

    Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, INC.: Registered Agent, Judith Sugg Scott,

    Defendant.

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

This matter is before me on the following: (1) the plaintiff's **Motion to Vacate Settlement** [#12][1] filed May 13, 2013; (2) the defendant's **Motion to Enforce Settlement Agreement** [#15] filed May 17, 2013; and (3) the **Order and Recommendation of United States Magistrate Judge** [#22] filed August 29, 2013. I approve and adopt the recommendation, deny the motion to vacate, and grant the motion to enforce.

The plaintiff is proceeding *pro se*. Thus, I have construed his pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. *See* **Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110

---

[1] "[#12]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

(10th Cir. 1991).

No objections to the recommendation were filed. Thus, I review it only for plain error. *See Morales-Fernandez v. Immigration & Naturalization Service*, 418 F.3d 1116, 1122 (10th Cir. 2005).[2]  Finding no error, much less plain error, in the recommendation of the magistrate judge, I find and conclude that the recommendation should be approved and adopted as an order of this court.

As detailed in the recommendation [#22], shortly after this case was filed, the parties reached a settlement.  They entered into a settlement agreement in which the defendant agreed to pay a certain sum to the plaintiff and the plaintiff agreed to dismiss this case with prejudice.  The defendant paid the agreed sum to the plaintiff by check, and the plaintiff cashed the check.  However, the plaintiff did not move to dismiss this case, as previously agreed, and refused requests from the defendant that this case be dismissed.  As detailed in the recommendation, the parties agreed to a full and complete settlement of this case, and the defendant has complied with its obligations under the settlement agreement.  The plaintiff now refuses to perform his key obligation under the settlement agreement, initiating the dismissal of this case.  In his motion to vacate the settlement [#12], the plaintiff raises no valid reasons to vacate the settlement.

**THEREFORE, IT IS ORDERED** as follows:

1. That the recommendations stated in the **Order and Recommendation of United States Magistrate Judge** [#22] filed August 29, 2013, are **APPROVED** and

---

[2] This standard pertains even though plaintiff is proceeding *pro* se in this matter.  ***Morales-Fernandez***, 418 F.3d at 1122.

**ADOPTED** as an order of this court;

    2.  That the plaintiff's **Motion to Vacate Settlement** [#12] filed May 13, 2013, is **DENIED**;

    3.  That the defendant's **Motion to Enforce Settlement Agreement** [#15] filed May 17, 2013, is **GRANTED**;

    4.  That consistent with the undisputed facts of record of this case and with the settlement agreement of the parties, this case is **DISMISSED** with prejudice.

    Dated February 25, 2014, at Denver, Colorado.

                                      **BY THE COURT:**

*[signature: Bob Blackburn]*

Robert E. Blackburn
United States District Judge